IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| PHILIP GIANFREDI and DONNA GIANFREDI | * * * | CIVIL NO. 10-1420 (___) |
| Plaintiffs | * * | |
| v. | * * | |
| HILTON INTERNATIONAL OF PUERTO RICO, INC. d/b/a CARIBE HILTON SAN JUAN; ABC CORP., said corporation intending being the corporation or other business entities of Caribe Hilton San Juan, or affiliated thereto; JOHN DOE, said name being fictitious, the person intended being the landlord of Los Rosados Street, San Geronimo Grounds, San Juan, Puerto Rico 00901; INSURANCE COMPANIES X, Y and Z | * * * * * * * * * * * * * | PLAINTIFFS DEMAND TRIAL BY JURY |
| Defendants | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

TO THE HONORABLE COURT:

COME NOW Plaintiffs PHILIP GIANFREDI and DONNA GIANFREDI, through the undersigned attorneys, and respectfully allege, state and pray, as follows:

## I. **PARTIES**

1.   Plaintiffs Philip Gianfredi and his wife Donna Gianfredi are citizens of the State of New Jersey and reside at 423 Luhmann Drive, New Milford, NJ 07646.

2.    Defendant Hilton International of Puerto Rico, Inc. d/b/a Caribe Hilton San Juan (the "Hilton Hotel" or "Hilton") is, on information and belief, a corporation of the State of Delaware, which operates a hotel resort located at Los Rosales Street, San Geronimo Grounds, San Juan, Puerto Rico 00901.

3.    Defendant ABC Corp., said name being fictitious, is a corporation or other business entity who has engaged in the acts attributed to Defendants in this Complaint.

4.    Defendant John Doe, said name being fictitious, is the Landlord of the Caribe Hilton Hotel San Juan facility, located at Los Rosales Street, San Geronimo Grounds, San Juan, Puerto Rico 00901.

5.    Defendants Insurance Companies X, Y and Z are liability insurers organized pursuant to the laws of a State other than the State of New Jersey, designated as such because their identities are presently unknown to the Plaintiffs, which at all material times alleged herein were the liability insurers of the other Defendants and/or any other person or entity that may be liable to the Plaintiffs.

## II. <u>JURISDICTION AND VENUE</u>

6.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and the amount of damages exceeds the sum of $75,000.00, exclusive of interests, costs and attorney's fees.

-2-

7.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, as this action is brought in the judicial district in which the Defendants are located and in which the events in question occurred.

### III. **FACTS**

8.    On February 15, 2007, Plaintiffs arrived at the Hilton Hotel and checked into room 515 at about 2:30 p.m.  Around 5:00 p.m., Plaintiffs returned to the room, and Plaintiff Philip Gianfredi entered the bathtub to take a shower.

9.    While showering, the surface of the bathtub improperly and unexpectedly shifted beneath Plaintiff Philip Gianfredi's feet, causing him to turn his left ankle.

10.    Consequently, Plaintiffs complained to the Hilton's Manager and had their room changed.  They were moved to room 712. At or about this time, the Hilton Manager admitted to knowing about the dangerous condition of the bathtub.

11.    As Plaintiffs waited to be moved to room 712, two porters arrived with a squeegee and a box cutter at room 515 to fix the bathtub.  Plaintiff Donna Gianfredi saw the porters removing the steel fitting from the bathtub drain and using a squeegee to clean up water that was apparently trapped underneath the lining of the bathtub floor into the drain.

12.    For the duration of his stay in Puerto Rico, Plaintiff Philip Gianfredi was unable to walk because of the severe pain in

his ankle and was forced to remain confined to the hotel and beach area.

13. After Plaintiffs returned to New Jersey, Plaintiff Philip Gianfredi continued to experience great pain in his ankle, which prompted him, in part, to seek medical attention at Englewood Medical Center's Emergency Room due to persistent, severe pain.

14. On November 21, 2007, Plaintiff Philip Gianfredi underwent approximately five hours of surgery in New York City at the Hospital for Special Surgery for the injuries he sustained while using the bathtub in the Hilton Hotel.

15. On November 26, 2007, Plaintiff Philip Gianfredi was transported to the Plaza Regency Nursing and Rehabilitation Center in Park Ridge, New Jersey.

16. On December 5, 2007, Plaintiff Philip Gianfredi was taken to the Hospital for Special Surgery in New York City for a follow-up visit regarding his surgery.

17. His treating physician recommended that Plaintiff Philip Gianfredi stay at the Plaza Regency Nursing and Rehabilitation Center for at least four more weeks where he remained.  Thereafter, Plaintiff Philip Gianfredi's injuries have not improved and he continues to suffer severe pain, discomfort, is immobilized and receives regular physical therapy.

18. As a direct and proximate cause of Defendants' negligence, Plaintiff Philip Gianfredi has suffered severe, permanent and serious injuries causing him to incur substantial and

-4-

significant expenses, pain, suffering, scarring, mental anguish, the loss of life's pleasures, and other losses, the full extent to which is not presently known but which Plaintiff Philip Gianfredi believes and avers to be significant in nature.

## IV. <u>FIRST CAUSE OF ACTION</u>

19.  Plaintiffs repeat and allege paragraphs numbered 1-18 with the same force and effect as if fully set forth herein.

20.  The incident in question was solely caused by the negligence, carelessness, and/or recklessness of the Defendants.

21.  Defendants breached their duty by creating the hazardous condition of the bathtub in room 515 due to its improper design and installation.

22.  Defendants breached their duty by failing to remedy the hazardous condition of the bathtub in room 515, which was under their exclusive control and dominion.

23.  The failure to properly install the bath fitter in room 515 directly and proximately caused Plaintiff's injuries.

24.  The failure to warn Plaintiffs of the hazardous condition of the bathtub in room 515 directly and proximately caused Plaintiff Philip Gianfredi's injuries.

25.  The aforesaid accident and resulting injuries to Plaintiff Philip Gianfredi were caused solely and wholly by Defendants' negligence, without any negligence on the part of Plaintiffs Philip Gianfredi and Donna Gianfredi contributing

thereto.

26. That by reason of the aforesaid, Plaintiff Philip Gianfredi has suffered severe, permanent and serious injuries causing Plaintiff to incur substantial and significant expenses, pain, suffering, scarring, mental anguish, the loss of life's pleasures, and other losses, the full extent to which is not presently known but which Plaintiff Philip Gianfredi believes and avers to be significant in nature and are reasonably estimated at a sum in excess of one million five hundred thousand dollars ($1,500,000.00).

## V. SECOND CAUSE OF ACTION

27. Plaintiffs repeat and allege paragraphs numbered 1-26 with the same force and effect as if fully set forth herein.

28. Plaintiff Donna Gianfredi is the lawful Wife of Plaintiff Philip Gianfredi.

29. As a direct and proximate result of Defendants' negligence, Plaintiff Donna Gianfredi has been deprived of the marital affections, comfort, society and assistance of her spouse, Plaintiff Philip Gianfredi.

30. As a direct and proximate result of Defendants' negligence, the Plaintiff Donna Gianfredi has suffered and will continue to suffer mental anguish from witnessing her husband's ordeal, injuries and handicaps, as well as from tending and administering to his care and needs, which are reasonably estimated

at a sum in excess of five hundred thousand dollars ($500,000.00).

## VI. <u>THIRD CAUSE OF ACTION</u>

31.  Plaintiffs repeat and allege paragraphs numbered 1-30 with the same force and effect as if fully set forth herein.

32.  Plaintiffs Philip Gianfredi and Donna Gianfredi were deprived of the full enjoyment of their vacation in Puerto Rico and they have incurred and will incur in past and future medical and other expenses due to the fault and/or negligence of the Defendants, all of which are reasonably estimated at a sum in excess of two hundred fifty thousand dollars ($250,000.00).

## VII. <u>FOURTH CAUSE OF ACTION</u>

33.  Plaintiffs repeat and allege paragraphs numbered 1-32 with the same force and effect as if fully set forth herein.

34.  Pursuant to Article 20.010 of the Insurance Code of Puerto Rico, 26 L.P.R.A. § 2001, Defendants Insurance Companies X, Y and Z are jointly and severally liable for the losses and damages suffered by the Plaintiffs Philip Gianfredi and Donna Gianfredi.

## VIII. <u>DEFENDANTS' OBSTINACY OR TEMERITY</u>

35.  Pursuant to Rule 44.1(d) of the Rules of Civil Procedure of the Commonwealth of Puerto Rico, 32 L.P.R.A. Ap. III, R. 44, a party adjudged obstinate in the conduct of litigation must pay the prevailing party its reasonable attorney's fees and interest from the date of the filing of the complaint.

36.  Defendants have been obstinate and, upon defending

-7-

against this complaint, will continue to incur in obstinacy.

37.  Plaintiffs Philip Gianfredi and Donna Gianfredi are entitled to reasonable attorney's fees and pre-judgment interest from the date of the filing of the complaint.

## IX.  TOLLING OF STATUTE OF LIMITATIONS

38.  Prior to the filing of this Complaint, the Plaintiffs filed a Complaint on February 12, 2008 and a First Amended Complaint on June 11, 2008 in Civil No. 08-769, as well as another Complaint on November 3, 2008 in Civil No. 5413, both of these cases before the United States District Court for the District of New Jersey, thereby tolling the statute of limitations under Puerto Rico law.

## X.  TRIAL BY JURY

39.  Pursuant to Fed. R. Civ. P. 38, Plaintiffs Philip Gianfredi and Donna Gianfredi demand trial by jury on all counts.

## XI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered against the Defendants adjudging them to be jointly and severally liable to the Plaintiffs in an aggregate sum in excess of the total individual amounts stated herein, plus taxable costs, interest from the date of filing of the complaint, and a reasonable amount in attorney's fees, with any other relief the Court may deem just and proper.

In San Juan, Puerto Rico, this 18th day of May, 2010.

                    s/ Benjamin Acosta, Jr.
BENJAMIN ACOSTA, JR.
U.S.D.C. ID. 119068
DAVID FERNANDEZ-ESTEVES
U.S.D.C. ID. 218404
Attorneys for Plaintiffs
LAW OFFICES BENJAMIN ACOSTA, JR.
P.O. Box 9023518
San Juan, P.R. 00902-3518
Tel 787-722-2363
Fax 787-724-5970
benacosta@lobajr.com